No. 22-2252

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

Nyynkpao BANYEE,

*Petitioner-Appellee*,

v.

Merrick B. GARLAND, United States Attorney General, et al.,

*Respondents-Appellants*.

_____

On Appeal from a Final Judgment of the United States District Court for the
District of Minnesota
Case No. 21-1817-JRT-BRT

_____

**PETITIONER-APPELLEE'S
PETITION FOR REHEARING EN BANC**

_____

My Khanh Ngo
Immigrants' Rights Project
American Civil Liberties Union
Foundation
425 California Street, 7th Floor
San Francisco, CA 94104
Tel: (415) 343-0764
mngo@aclu.org

Judy Rabinovitz
Anand Balakrishnan
Immigrants' Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2660
jrabinovitz@aclu.org
abalakrishnan@aclu.org

*(Additional Counsel listed on the inside cover)*

Zack Albun
The Advocates for Human Rights
330 Second Ave. S, Suite 800
Minneapolis, MN 55401
Tel: (612) 252-4444
Zalbun@advrights.org

Benjamin Casper
Teresa Nelson
American Civil Liberties Union of Minnesota
P.O. Box 14720
Minneapolis, MN 55414
Tel: (612) 274-7790
bcasper@aclu-mn.org
tnelson@aclu-mn.org

*Counsel for Petitioner-Appellee*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................ i

TABLE OF AUTHORITIES ................................................................... ii

INTRODUCTION .................................................................................. 1

STATEMENT OF THE CASE ................................................................. 3

   I.    Statutory and Legal Background .................................................. 3

   II.   Procedural Background ................................................................ 5

ARGUMENT ......................................................................................... 7

   I.    The Panel's Ruling Conflicts with the Holdings and Analyses of Multiple Courts of Appeals on Mandatory Detention ............................................... 7

   II.   The Panel's Analysis Conflicts with Supreme Court Precedent on Due Process Limits to Civil Detention .............................................................. 10

   III.  The Court Should Grant Rehearing Given the Government's Concession That Mandatory Detention Has Limits. ....................................................... 15

CONCLUSION ..................................................................................... 16

CERTIFICATE OF COMPLIANCE ...................................................... 18

CERTIFICATE OF SERVICE ............................................................... 19

Appellate Case: 22-2252    Page: 3    Date Filed: 12/02/2024 Entry ID: 5461865

# TABLE OF AUTHORITIES

**Cases**

*Addington v. Texas*,
    441 U.S. 418 (1979)....................................................................2, 12

*Black v. Decker*,
    103 F.4th 133 (2d Cir. 2024) ..................................................... passim

*Borrero v. Aljets*,
    325 F.3d 1003 (8th Cir. 2003) .............................................................11

*Carlson v. Landon*,
    342 U.S. 524 (1952)................................................................... 13, 14

*Chavez-Alvarez v. Warden York Cnty. Prison*,
    783 F.3d 469 (3d Cir. 2015) ..................................................................9

*Clark v. Martinez*,
    543 U.S. 371 (2005).............................................................................11

*Demore v. Kim*,
    538 U.S. 510 (2003) .................................................................. passim

*Foucha v. Louisiana*,
    504 U.S. 71 (1992).............................................................. 2, 11, 12

*German Santos v. Warden Pike Cnty. Corr. Facility*,
    965 F.3d 203 (3d Cir. 2020) ..................................................... passim

*Jackson v. Indiana*,
    406 U.S. 715 (1972)........................................................... 2, 11, 12

*Jama v. Ashcroft*,
    362 F.3d 1117 (8th Cir. 2004) ...........................................................13

*Jennings v. Rodriguez*,
    583 U.S. 281 (2018)................................................................... passim

Appellate Case: 22-2252      Page: 4      Date Filed: 12/02/2024 Entry ID: 5461865

*Kansas v. Hendricks*,
521 U.S. 346 (1997) ................................................................ 2, 11, 12

*Lora v. Shanahan*,
804 F.3d 601 (2d Cir. 2015) ................................................................9

*Ly v. Hansen*,
351 F.3d 263 (6th Cir. 2003) ................................................................8

*Mathews v. Eldridge*,
424 U.S. 319 (1976) ................................................................ 5, 14, 16

*Parra v. Perryman*,
172 F.3d 954 (7th Cir. 1999) ................................................................9

*Pedro O. v. Garland*,
543 F. Supp. 3d 733 (D. Minn. 2021) ................................................................5

*Porter v. Knickrehm*,
457 F.3d 794 (8th Cir. 2006) ................................................................12

*Reid v. Donelan*,
17 F.4th 1 (1st Cir. 2021) ................................................................9, 16

*Reid v. Donelan*,
819 F.3d 486 (1st Cir. 2016) ................................................................8

*Reid v. Donelan*,
No. 14-1270, 2018 WL 4000993 (1st Cir. May 11, 2018) ................................ 10, 16

*Reno v. Flores*,
507 U.S. 292 (1993) ................................................................14

*Revels v. Sanders*,
519 F.3d 734 (8th Cir. 2008) ................................................................12

*Rodriguez v. Robbins*,
715 F.3d 1127 (9th Cir. 2013) ................................................................8

iii

*S.A.A. v. Geisler*,
  108 F.4th 699 (8th Cir. 2024), *reh'g en banc granted, opinion vacated*, No. 23-3119, 2024 WL 4128448 (8th Cir. Sept. 10, 2024) ...................................7

*Shaughnessy v. United States ex rel. Mezei*,
  345 U.S. 206 (1953) ...................................................................................11

*Sopo v. U.S. Att'y Gen.*,
  825 F.3d 1199 (11th Cir. 2016) ..............................................................2, 8

*United States v. Salerno*,
  481 U.S. 739 (1987) ...................................................................................12

*Wong Wing v. United States*,
  163 U.S. 228 (1896) ...................................................................................13

*Zadvydas v. Davis*,
  533 U.S. 678 (2001) ........................................................................... passim

**Statutes**

8 U.S.C. § 1226 ..............................................................................................3

8 U.S.C. § 1226(a) ......................................................................................3, 4

8 U.S.C. § 1226(c) ................................................................................ passim

**Regulations**

8 C.F.R. § 1003.19 .........................................................................................4

8 C.F.R. § 236.1(c) .........................................................................................4

**Rules**

Fed. R. App. P. 40(b)(2)(B) .........................................................................14

Fed. R. App. P. 40(b)(2)(C) ...........................................................................7

Fed. R. App. P. 40(b)(2)(D) .........................................................................14

iv

**Other Authorities**

Brief for Petitioners, *Demore v. Kim*,
 538 U.S. 510 (2003) (No. 01-1491), 2002 WL 31016560 ...................................15

Brief for Petitioners, *Jennings v. Rodriguez*,
 138 S. Ct. 830 (2018) (No. 15-1204), 2016 WL 5404637 ...................................15

Pet. for Reh'g En Banc, *Black v. Decker*,
 No. 20-3224 (2d Cir. Nov. 20, 2024) .............................................................3, 16

Appellate Case: 22-2252    Page: 7    Date Filed: 12/02/2024 Entry ID: 5461865

## INTRODUCTION

Petitioner-Appellee seeks rehearing on one fundamental issue: whether due process limits the government's ability to categorically detain a lawful permanent resident without the most basic review of his prolonged detention: a bond hearing. The Supreme Court left this issue open after first rejecting a facial challenge to the statute at issue, emphasizing how detention was "brief" and "limited," *Demore v. Kim*, 538 U.S. 510, 523, 531 (2003); and then rejecting a statutory challenge to prolonged mandatory detention but remanding for the lower courts to consider as-applied constitutional challenges, *Jennings v. Rodriguez*, 583 U.S. 281 (2018). The panel's unprecedented decision—holding that the Constitution places *no* limit on the government's authority to detain a noncitizen without a bond hearing so long as removal proceedings are pending, regardless of how long those proceedings last—should be corrected for three reasons.

First, until the panel's decision, no court of appeals has suggested, let alone held, that the Due Process Clause imposes no limits on such detention. Indeed, the two circuit courts to address the issue post-*Jennings* agreed that when mandatory detention under 8 U.S.C. § 1226(c) exceeds the brief and limited periods contemplated in *Demore*, due process requires a bond hearing. *See Black v. Decker*, 103 F.4th 133, 159 (2d Cir. 2024); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020). The panel's decision not only squarely

1

conflicts with those holdings, it also conflicts with numerous circuit courts who, prior to *Jennings*, adopted the same constitutional analysis to support their constitutional avoidance holdings that § 1226(c) does not authorize prolonged detention. *See Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1213-14 (11th Cir. 2016), *vacated as moot*, 890 F.3d 952 (11th Cir. 2018) (Eleventh Circuit joining First, Second, Third, Sixth, and Ninth Circuits).

Second, the decision conflicts with Supreme Court precedent requiring adequate procedural protections to ensure that civil detention, including immigration detention, serves a valid governmental purpose. *See Zadvydas v. Davis*, 533 U.S. 678 (2001); *Kansas v. Hendricks*, 521 U.S. 346 (1997); *Foucha v. Louisiana*, 504 U.S. 71 (1992); *Addington v. Texas*, 441 U.S. 418 (1979); *Jackson v. Indiana*, 406 U.S. 715 (1972). The decision justifies detention solely on the pendency of removal proceedings, but only flight risk or danger are recognized as legitimate governmental purposes for immigration detention, *see Zadvydas*, 533 U.S. at 690, and *Demore* created only a limited carveout premised on brief detention, 538 U.S. at 531.

Finally, the panel's decision impacts an exceptionally important issue, going even further than the government's position to foreclose nearly all potential challenges to prolonged mandatory detention for noncitizens held under § 1226(c). The decision hinges its reasoning on *Demore*. Yet in both *Demore* and *Jennings*, the government not only acknowledged, but advocated for, a case-by-case approach to

2

evaluating due process challenges to prolonged § 1226(c) detention—precisely what district courts in the Eighth Circuit, including the one below, did prior to this decision. Just last month, the government stated that, while it disagreed with the Second Circuit's analysis in *Black*, it agrees that each individual's detention under § 1226(c) should be evaluated under a flexible due process test. *See* Pet. for Reh'g En Banc at 10, *Black v. Decker*, No. 20-3224 (2d Cir. Nov. 20, 2024) ("*Black* PFREB").

In light of the panel's conflict with the government's position in these cases, the Court should, at a minimum, order a response from the government to this request for rehearing. The Court should, further, grant rehearing to reconsider and to reverse the panel's decision that due process imposes no constraints on prolonged mandatory detention. If left in place, the panel's decision will create a circuit split and deny due process to longtime residents, like Petitioner-Appellee, who seek only the most minimal check on government overreach: a bond hearing.

## STATEMENT OF THE CASE

### I.    Statutory and Legal Background

Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, governs the arrest, detention, and release of noncitizens "pending a decision on whether [they are] to be removed from the United States." 8 U.S.C. § 1226(a). Generally, noncitizens in removal proceedings can be considered for release on bond or conditional parole by immigration officials, or on bond by the Immigration Judge

3

("IJ"). *See id.*; 8 C.F.R. §§ 236.1(c), 1003.19. Section 1226(c), however, dictates that noncitizens who are charged with being removable on certain criminal grounds must be detained without any individualized determination by immigration officials or an IJ regarding whether they pose a danger or flight risk, or can be released.

In *Demore*, the Supreme Court considered a facial challenge to the constitutionality of § 1226(c) brought by a petitioner who argued that he was entitled, at the outset of his detention, to an individualized determination of flight risk and dangerousness. 538 U.S. at 514 & n.2. The Court rejected that argument, holding that detention was constitutionally permissible for the "limited period of his removal proceedings," where "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the [noncitizen] chooses to appeal." *Id*. at 530-31.

Following *Demore*, multiple circuit courts applied the canon of constitutional avoidance to read § 1226(c) as authorizing detention for only a reasonable time period, after which due process requires a bond hearing. *See infra* at 8-9. The Supreme Court rejected this approach, reversing a Ninth Circuit decision that read a six-month limit into § 1226(c) and holding that the statute was not amenable to such a construction as it mandated detention throughout proceedings. *Jennings*, 583 U.S. at 305-06. The Court, however, left open the constitutional issue, remanding for the

4

lower court to consider the as-applied constitutional arguments in the first instance. *Id.* at 312.

Following *Jennings*, the Third Circuit held that unreasonably prolonged detention without a bond hearing violates due process and adopted a multi-factor test for determining when detention grows unreasonably prolonged. *German Santos*, 965 F.3d at 210. And since 2018, district courts in the Eighth Circuit were unanimous in holding that there are limits on the government's ability to detain a noncitizen without a bond hearing, while the vast majority applied a multi-factor test like the one adopted in *German Santos*. *See, e.g.*, *Pedro O. v. Garland*, 543 F. Supp. 3d 733, 738 (D. Minn. 2021). Recently, the Second Circuit weighed in to also find a constitutional limit on prolonged detention without a bond hearing, though after applying the balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Black*, 103 F.4th at 151-55.

## II. Procedural Background

Petitioner-Appellee, Nyynkpao Banyee, is a lawful permanent resident who has never left the United States for over 20 years since arriving as a six-year-old child refugee. A5.[1] Based on criminal offenses from when he was a young adult, Mr. Banyee was placed into removal proceedings and detained for over a year under

---

[1] A. refers to the December 19, 2022 Addendum; S.App. refers to the Supplemental Appendix, which is part of the record following the panel's grant of Petitioner-Appellee's motion to supplement. Op. 4 n.2.

5

§ 1226(c) while his proceedings moved from the IJ to the Board of Immigration Appeals ("BIA"), and then back again to the IJ and BIA for a second round. A16-17, 21-22. Although the IJ initially found him ineligible for "cancellation of removal"—a form of discretionary relief that would allow him to retain his lawful permanent resident status—following an intervening Supreme Court decision, the IJ concluded that he was eligible and found Mr. Banyee deserving of this relief. S.App.2-4, 24. The BIA affirmed the IJ's favorable exercise of discretion, but remanded for further consideration of whether a North Dakota robbery conviction was an "aggravated felony" that rendered him ineligible for such relief. App.209-11; R.Doc.14-1, at 2-4. Since April 2022, Mr. Banyee's case has been pending before the BIA on this purely legal issue involving the categorical approach. S.App.36.

While Mr. Banyee diligently pursued his right to cancellation, he filed a habeas petition to challenge his mandatory detention. A17. The district court held that his detention of over 12 months violated the Fifth Amendment, and ordered a bond hearing in immigration court with the burden on the government to justify the need for continued detention by clear and convincing evidence. A18-27. At a bond hearing in April 2022, the IJ held that the government had not met its burden and ordered Mr. Banyee released on $7,500 bond. S.App.40.

Granting the government's appeal, the panel reversed the district court and held that "[d]ue process imposes no time limit on detention pending deportation."

6

Op. 2. The panel held that "[d]etention during deportation proceedings [i]s . . . constitutionally valid," and that length of time has no bearing on the detention's legality so long as deportation proceedings are still "pending." *Id*. at 4-7.[2]

## ARGUMENT

I. **The Panel's Ruling Conflicts with the Holdings and Analyses of Multiple Courts of Appeals on Mandatory Detention.**

In holding that length of time has absolutely no bearing on the constitutionality of mandatory detention, the panel's decision is unprecedented. It conflicts with six circuit courts that agree that prolonged mandatory detention under § 1226(c) is subject to due process limits. And it is based on a fundamental misreading of *Demore*. The Court should grant rehearing to correct this outlier decision. *See, e.g.*, *S.A.A. v. Geisler*, 108 F.4th 699 (8th Cir. 2024), *reh'g en banc granted, opinion vacated*, No. 23-3119, 2024 WL 4128448 (8th Cir. Sept. 10, 2024) (decision that conflicted with Supreme Court and 11 other circuits); Fed. R. App. P. 40(b)(2)(C).

Two circuits post-*Jennings* have squarely held that "[t]he Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing." *Black*, 103 F.4th at 145; *German Santos*, 965 F.3d at 214 ("Because [the petitioner's] detention has grown

---

[2] Following the panel's decision, Mr. Banyee was recently redetained, which he is challenging.

unreasonable, the Government must hold a bond hearing."). Although they apply different tests for determining reasonableness of the detention, the Second and Third Circuits agree that *Demore* was cabined to a facial challenge to § 1226(c), and that critical to its holding was the "apparent brevity of detentions pending removal." *Black*, 103 F.4th at 143-44; *German Santos*, 965 F.3d at 208 ("There, the Supreme Court rejected a *facial* challenge to the statute's requirement of detention without a bond hearing . . . because it understood that the detention would last only for a 'very limited time.'") (citation omitted). Four additional circuits—the First, Sixth, Ninth, and Eleventh—have adopted the same view of *Demore* in pre-*Jennings* decisions that, based on constitutional avoidance, construed § 1226(c) as only authorizing mandatory detention for a reasonable period of time. *See Sopo*, 825 F.3d at 1212-14.

Thus, until the panel's decision, the circuit courts were uniform in their interpretation of *Demore*. *See id*. at 1212 ("While *Demore* upheld § 1226(c)'s provision mandating detention . . . it did so with a strong constitutional caveat about due process concerns as to continued mandatory detention where the duration of the removal proceedings is unreasonably long or delayed."); *Reid v. Donelan*, 819 F.3d 486, 493 (1st Cir. 2016) ("The Court made the brevity of the detention central to its holding . . ."); *Rodriguez v. Robbins*, 715 F.3d 1127, 1137 (9th Cir. 2013) ("[W]e have consistently held that *Demore*'s holding is limited to detentions of brief duration."); *Ly v. Hansen*, 351 F.3d 263, 271 (6th Cir. 2003) ("[T]he Court's

8

discussion in *Kim* is undergirded by reasoning relying on the fact that [noncitizens] . . . will normally have their proceedings completed within in [sic] a short period of time . . . ."); *see also Lora v. Shanahan*, 804 F.3d 601, 614 (2d Cir. 2015); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015). Although these courts' statutory holdings were foreclosed by *Jennings*, nothing has changed their recognition that *Demore* does not sanction mandatory detention for unlimited periods of time. The First Circuit also reiterated this post-*Jennings*. *See Reid v. Donelan*, 17 F.4th 1, 7-8 (1st Cir. 2021) (*Demore* did not "categorically bless[] six-month detentions").

The panel's decision fails to acknowledge the weight of this authority. Although it recognized that "the Court has described detention pending deportation as 'brief,' 'limited,' and 'short[],'" the panel goes on to assert that "nothing suggests that length determines legality." Op. 6.[3] The panel attempts to address the other circuits' analyses in one short footnote, failing on three fronts.

*First*, the panel appears to treat post-*Jennings* cases as pre-*Jennings* ones,

---

[3] The panel suggests that Mr. Banyee is at fault for the length of his proceedings, merely for pursuing his right to cancellation on appeal. Op. 7-8. Petitioner-Appellee does not dispute that courts can consider whether either party has engaged in dilatory tactics to delay proceedings, as was the case in *Parra v. Perryman*, 172 F.3d 954, 956 (7th Cir. 1999) ("[H]is motions papers . . . do not even hint at a substantive argument that he is entitled to remain in the United States."), but courts have repeatedly rejected the notion that a noncitizen's good-faith challenge to removal undermines their challenge to detention, *see* Appellee's Br. 39-40.

9

noting that "those are the courts . . . that had invoked the same due-process concerns to read an 'implicit reasonable time limitation' into the statute itself . . . until the Supreme Court . . . foreclosed it." Op. 6 n.3. But the fact that *Jennings* rejected a *statutory* constitutional avoidance argument is not a response to the *constitutional* holdings that the Second and Third Circuits have squarely made (not "suggested") after *Jennings*. *Second*, the panel ignores the fact that *Jennings* explicitly left open whether and when due process might require bond hearings, thus not disturbing the constitutional underpinnings of those pre-*Jennings* decisions. *See German Santos*, 965 F.3d at 210 ("*Jennings* thus left [the Third Circuit's] framework for assessing as-applied constitutional challenges intact."); *Reid v. Donelan*, No. 14-1270, 2018 WL 4000993, at *1 (1st Cir. May 11, 2018) (affirming the class representative's bond hearing). *Lastly*, the panel again overlooks how all other circuits to address § 1226(c) detention agree that *Demore* only sanctioned brief detention, and does not explain why *Jennings* changes that.

Regardless of how it viewed the reasonableness of Mr. Banyee's detention, the panel erred in reaching a decision that conflicts with six other circuits and wholly misunderstands *Demore*. This alone warrants *en banc* review.

## II. The Panel's Analysis Conflicts with Supreme Court Precedent on Due Process Limits to Civil Detention.

*En banc* review is also warranted to correct the panel's flawed understanding of Supreme Court precedent on civil detention, which includes immigration

10

detention. The Court has consistently held that the Fifth Amendment entitles noncitizens who are in the United States to freedom from government constraint as a fundamental liberty,[4] and that it therefore requires "adequate procedural protections" to ensure that detention serves a valid governmental purpose. *Zadvydas*, 533 U.S. at 690. Thus, the Court has never sanctioned the mandatory detention of noncitizens in the United States for a prolonged period of time without any review. Yet the panel's decision breaks from this longstanding precedent in multiple ways.

First, the panel ignores bedrock due process principles set out by decades of caselaw requiring an individualized hearing to justify deprivation of one's liberty. This obligation derives from several rules: (1) Due process prohibits the government from detaining any person unless there is a "special justification" that "outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Zadvydas*, 533 U.S. at 690 (quoting *Hendricks*, 521 U.S. at 356). (2) Due process requires, at the very least, that detention be "reasonabl[y] relat[ed]" to a valid governmental purpose. *Jackson*, 406 U.S. at 738; *Foucha*, 504 U.S. at 79. (3) Due process requires "adequate procedural protections" to ensure that detention serves a

---

[4] The panel's reliance on *Borrero v. Aljets*, 325 F.3d 1003 (8th Cir. 2003), Op. 6, is misplaced as it addressed the application of *Zadvydas* to a noncitizen who had "not effected an entry into the United States," and was therefore like the noncitizen stopped at the border in *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953), as opposed to a lawful permanent resident like Mr. Banyee. *Id*. at 1008-09. Moreover, *Borrero* was overruled by *Clark v. Martinez*, 543 U.S. 371 (2005).

11

valid governmental purpose. *Zadvydas*, 533 U.S. at 690-91; *see also Hendricks*, 521 U.S. at 357; *Addington*, 441 U.S. at 425-27. (4) Lastly, the longer the detention, the more protections necessary to ensure that it is continuing to serve a valid governmental purpose. *See Zadvydas*, 533 U.S. at 691; *Jackson*, 406 U.S. at 738; *Hendricks*, 521 U.S. at 363-64.

The Eighth Circuit has applied these rules in other civil commitment contexts. *See Revels v. Sanders*, 519 F.3d 734, 740-44 (8th Cir. 2008) (applying *Foucha*); *Porter v. Knickrehm*, 457 F.3d 794, 798 (8th Cir. 2006) (applying *Addington*). But the panel failed to recognize, let alone grapple with, these authorities.

Second, the panel ignores the import of *Zadvydas*. Notably, the Supreme Court applied its civil detention cases in an immigration detention case. *Zadvydas*, 533 U.S. at 690-91 (discussing, *inter alia*, *Foucha*, *Hendricks*, and *United States v. Salerno*, 481 U.S. 739 (1987)). The panel takes a myopic view of *Zadvydas*, relying on it to say that detention, regardless of its length, is lawful so long as deportation is possible. Op. 8. But that is not the lesson from *Zadvydas*. Rather, the Supreme Court clarified that in the context of immigration detention, the only justifications are to prevent flight risk or danger. *Zadvydas*, 533 U.S. at 690 ("The statute . . . has two regulatory goals: 'ensuring the appearance of [noncitizens] at future immigration proceedings' and '[p]reventing danger to the community.'"). The Court reasoned that "the first justification—preventing flight—is weak or nonexistent where

removal seems a remote possibility." *Id*. Thus, it concluded that where a noncitizen with a final order of removal—meaning someone without any right to be in the United States—was facing indefinite detention because of the improbability of removal, the relief is *automatic release* because there was no valid government purpose being served. *Id*. at 696, 702.

But the remedy in this case is not automatic release, but merely a bond hearing for a noncitizen who is still in proceedings and may ultimately even retain his status.[5] The Supreme Court underscored in *Zadvydas* that the government violates the Fifth Amendment unless there are "adequate procedural protections" to ensure that detention—particularly as it grows more prolonged—is serving a valid government interest. 533 U.S. at 690. Thus, all Petitioner-Appellee seeks is a bond hearing to determine whether his continued detention is justified by either flight risk or danger. *See, e.g.*, *Black*, 103 F.4th at 143 (applying *Zadvydas*).

Lastly, the panel erroneously eschews this precedent and treats *Demore* as practically dispositive. As discussed above and recognized by other circuits, *Demore* never addressed an as-applied challenge to prolonged mandatory detention. The panel also relies on several Supreme Court cases discussed in *Demore*, namely *Wong Wing v. United States*, 163 U.S. 228 (1896), *Carlson v. Landon*, 342 U.S. 524 (1952),

---

[5] For similar reasons, the panel's reliance on *Jama v. Ashcroft*, 362 F.3d 1117 (8th Cir. 2004), a case about post-removal order detention and whether deportation was reasonably foreseeable, is also misplaced. Op. 8.

13

and *Reno v. Flores*, 507 U.S. 292 (1993), Op. 5-7, but as previously explained, those cases permitted only *brief* periods of confinement. *See* Appellee's Br. 26-27. The panel's reliance on those cases, in addition to *Demore*, therefore does not resolve the issue at hand where detention has grown prolonged. *See, e.g.*, *Zadvydas*, 533 U.S. at 691 (distinguishing *Carlson*, where the "'problem of . . . unusual delay' was not present").

The panel also erred in relying on *Demore* to conclude that it need not apply the *Mathews* balancing test. Op. 7. As is clear from *Demore*'s majority, concurrence, and dissent, the Court was only addressing the brief detention at issue. 538 U.S. at 530 (majority); *id*. at 532 (Kennedy, J., concurring); *id*. at 568 & n.24 (Souter, J., concurring in part, dissenting in part) ("The Court calls several months of unnecessary imprisonment a 'very limited time.'"). Thus, the Court has never engaged in a *Mathews* balancing test regarding prolonged mandatory detention.

In sum, the panel's decision abandons Supreme Court caselaw on civil detention and carves out an unprecedented exception to the general rule that the government cannot deprive a person of their liberty without *at some point* providing justification. This too presents grounds for rehearing. *See* Fed. R. App. P. 40(b)(2)(B), (b)(2)(D).

14

**III.    The Court Should Grant Rehearing Given the Government's Concession That Mandatory Detention Has Limits.**

Finally, the panel's decision conflicts with the government's own position—one taken consistently across administrations—that length of time *can* bear on the constitutionality of mandatory detention.

In *Demore* and *Jennings*, the government never argued that length of time has no bearing on the constitutionality of mandatory detention. In fact, in defending against the facial challenge to the statute, the government argued that § 1226(c) was constitutional in part because prolonged detention was not implicated. *See* Brief for Petitioners at 48, *Demore v. Kim*, 538 U.S. 510 (2003) (No. 01-1491), 2002 WL 31016560. Moreover, the government conceded that "the duration of detention . . . is another factor bearing upon its constitutionality, because prolonged detention imposes a greater burden upon the [noncitizen.]" *Id*. (citing *Zadvydas*, 533 U.S. at 688-701). And again in *Jennings*, the government expressly conceded the due process concerns with prolonged detention. *See* Brief for Petitioners at 47, *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) (No. 15-1204), 2016 WL 5404637 ("[B]ecause longer detention imposes a greater imposition on an individual, as the passage of time increases a court may scrutinize the fit between the means and the ends more closely[.]") (citing *Zadvydas*, 533 U.S. at 690, 701); *see also* Appellee's Br. 19 n.7 (citing *Demore* and *Jennings* oral arguments).

15

Following *Jennings*, the First Circuit noted how "in the very case before [it], the government has conceded 'that mandatory detention under [section] 1226(c) without a bond hearing violates the Due Process Clause when it becomes unreasonably prolonged in relation to its purpose." *Reid*, 17 F.4th at 8. The First Circuit also affirmed the bond hearing granted to the class representative in *Reid*, who was detained about 13 months, just a few weeks more than Mr. Banyee was detained. 2018 WL 4000993, at *1. And just last month, the government reiterated its view "that noncitizens may bring as-applied due process challenges to their detention under § 1226(c)." *Black* PFREB at 10. The government sought rehearing because it disagreed with the Second Circuit's "rigid and generic" analysis under *Mathews* that seemed to conclude "that detention under § 1226(c) is constitutionally suspect whenever it exceeds six months." *Id*. at 2. Notably, however, the government does not dispute that length of time is relevant to the due process analysis, in conjunction with other factors. *Id*. at 12.

The Court should therefore grant rehearing in light of the government's prior concession about the limits of § 1226(c) detention. At the very least, the Court should order a response from the government.

## <u>CONCLUSION</u>

The petition for rehearing en banc should be granted.

16

Dated: December 2, 2024

Respectfully submitted,

/s/ My Khanh Ngo
My Khanh Ngo
Immigrants' Rights Project
American Civil Liberties Union Foundation
425 California Street, 7th Floor
San Francisco, CA 94104
Tel: (415) 343-0764
mngo@aclu.org

Judy Rabinovitz
Anand Balakrishnan
Immigrants' Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2660
jrabinovitz@aclu.org
abalakrishnan@aclu.org

Benjamin Casper
Teresa Nelson
American Civil Liberties Union of
Minnesota
P.O. Box 14720
Minneapolis, MN 55414
Tel: (612) 274-7790
bcasper@aclu-mn.org
tnelson@aclu-mn.org

Zack Albun
The Advocates for Human Rights
330 Second Ave. S, Suite 800
Minneapolis, MN 55401
Tel: (612) 746-4668
Zalbun@advrights.org

*Counsel for Petitioner-Appellee*

17

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing petition complies with the type-volume limitation of Fed. R. App. P. 40(d)(3)(A) because it contains 3,889 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f), and this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Pursuant to 8th Cir. R. 28A(h), I certify that the petition has been scanned for viruses and is virus free.

Dated: December 2, 2024

*/s/ My Khanh Ngo*
My Khanh Ngo
Immigrants' Rights Project
American Civil Liberties Union Foundation
425 California Street, 7th Floor
San Francisco, CA 94104
Tel: (415) 343-0764
mngo@aclu.org

18

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: December 2, 2024

> */s/ My Khanh Ngo*
> My Khanh Ngo
> Immigrants' Rights Project
> American Civil Liberties Union Foundation
> 425 California Street, 7th Floor
> San Francisco, CA 94104
> Tel: (415) 343-0764
> mngo@aclu.org